Derbigny, J.
delivered the opinion of the court. This suit is brought on a note of hand, not negociable, subscribed by the defendant Dromgoole, in favour of Lewis H. Gardner now deceased. It has been transferred to the plaintiff by Gardner’s widow, the other defendant, in her own name and in her capacity as tutrix of her children, heirs of her late *710 husband: the legality of that transfer is not disputed.
West’n District
September, 1820.
The endorser of a note not negociable, is nbot suable before the insolvency of the drawer.
The defence set up by Dromgoole is that he cannot be sued, in the parish of Rapides, because he has not yet acquired any domicil in it, but ought still to be considered as domiciliated in the parish of Natchitoches, which he had left only three months previous to the institution of this Suit.
The act of 1814 which provides that persons who have a permanent residence in some parish of the state, shall be suable only in that place, is the law on which the defendant Dromgoole relies to support his plea to the jurisdiction of the court. Under that act, therefore, he is bound to shew that he has a permanent residence somewhere. The evidence shews that he has sold his possessions in Natchitoches and moved his family to this parish, and that he has purchased a house and lot in this town of Alexandria, where he was living, since about three months, when this case was tried in the inferior court. The defendant then must choose between having a permanent residence at Alexandria, or having no permanent residence any where; for he surely cannot be considered as residing where he is not, and where he has neither property nor family; neither can he be deemed to have preserved his domicil in Natchitoches, for the domicil is where the party has his prin *711 cipal establishment, and it is in proof that he has sold what he possessed in Natchitoches. The forcible consequence is that either the defendant Dromgoole’s permanent residence is at Alexandria, and then the suit is brought before the proper tribunal, or that he has no permanent residence in any place, and in that case he may be sued any where.
The defendant having chosen to rely exclusively on his plea to the jurisdiction, (for according to the rules of practice as declared in the case of Tricou vs. Bayou, 4 Martin, 172, a defendant is bound to include in the same answer all his means of defence) there is no difficulty to pronounce on the merits of the case, and to give judgment against him for the full amount of the note.
As to the liability of the other defendant, Sarah Gardner, it stands upon a very different ground. She is not liable as endorser, because the note is not negociable; and as a simple transferor of an ordinary debt, she is not responsible, unless she has warranted the solvency of the debtor. This she does not here appear to have done; but even if she had, she could not be sued, until the principal debtor be proved to be insolvent.
It is therefore, ordered, adjudged and decreed that *712 the judgment of the district court be reversed, and proceeding to give such judgment as ought to have been given below, this court does further adjuge and decree that the appellant do recover from the appellee, William A. Dromgoole, the sum of two thousand dollars, with interest, since the judicial demand and costs; and it is further ordered that judgment be entered for the defendant Sarah Gardner, with costs.
Scott and Bullard for the plaintiff, Thomas for the defendants.